### LEE BLACK V. THE STATE.

#### No. 3970.   Decided March 1, 1916.

**1.—Theft—Insufficiency of the Evidence.**

Where, upon trial of theft of coal, the evidence was insufficient to sustain the conviction, the same was reversible error.

**2.—Same—Evidence—Immaterial Testimony.**

Where defendant admitted that he had sold the alleged stolen property to a certain female, his illicit relations with her should not have been admitted in evidence, the defendant's reputation not being in issue.

Appeal from the County Court of Ellis.   Tried below before the Hon. W. M. Tidwell.

Appeal from a conviction of theft; penalty, a fine of one dollar and thirty days confinement in the county jail.

*W. H. Fears,* for appellant.—On question of the insufficiency of the evidence:   Johnson v. State, 36 Texas Crim. Rep., 394; Warren v. State, 52 id., 218.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of some coal alleged to have been stolen.

W. H. Parker testified he was the sole dealer in coal at Milford, Texas; that Joe Frierson came to him and told him his wife had bought some coal from appellant, and he wanted him to come and look at it; that he did go and look at it, and from its appearance he took it to be New Mexico coal,—that there was a little pile, about twenty-five cents worth.   He said he dealt in New Mexico coal, but he had missed no coal, and if any had been stolen from him he was not aware of it.   The only facts relied upon by the State to prove that appellant had stolen Parker's coal were that he had sold some small quantities of coal to Lula Frierson and Eva Hart.   Neither they nor any witness for the State knew where appellant got the coal, and in the absence of Mr. Parker missing any coal, this testimony is wholly insufficient to prove that appellant had stolen the coal from Mr. Parker.

Appellant explained where he got the coal he sold to the women, and there is no testimony contradicting his explanation.

There are other questions raised, but deeming the testimony wholly insufficient to sustain the verdict, we hardly deem it necessary to discuss them.   However, should the State be able to strengthen its case on another trial, it should not seek to inquire into whether or not appel-

lant was unduly intimate with Lula Frierson, nor comment thereon in argument. Appellant admitted he sold the coal to Lula Frierson, and his relations with her would be wholly immaterial on the issue of whether or not he had stolen the coal from Mr. Parker. And as appellant had not placed his reputation in issue, it was not the subject to be commented on in argument.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*